Although I agree with the ultimate resolution of the case, I must respectfully dissent with the disposition of assignment of error one.
R.C. 3109.04(B)(1) specifically mandates the trial court, upon the request of either party, to interview all of the involved children "regarding their wishes and concerns with respect to the allocation." To say that the trial court did not err in failing to perform this duty because the court did not find a change of circumstances is to judicially establish a two part procedure not provided in R.C. 3109.04(B)(1). First, the trial court has a hearing on whether there was a change of circumstances. Then if such a change is found, proceeds to hear evidence on the "best interests" of the child and at that point interviews the involved children. This is not how the procedure works.
Although the "best interests" of a child are not determined until after a change of circumstances is established, all of the evidence for both determinations comes in at the same time and then is sifted through by the trial court. Since the trial court never met with the child, it was deprived of important information that would have fully informed the court's judgment while also honoring the mandatory provisions of R.C.3109.04(B)(1). Accordingly, I would sustain assignment of error one.
I concur with the remainder of the opinion.